■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FILBERTO RAMIREZ, Appellant. [694 NYS2d 664] —Judgment, Supreme Court, New York County (William Leibovitz, J., at hearing; George Daniels, J., at jury trial and sentence), rendered November 20, 1997, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees and possession of knives or instruments in violation of Administrative Code of the City of New York § 10-133 (b), and sentencing him, as a second felony offender, to two concurrent terms of 7 to 14 years concurrent with a term of 1 year, unanimously modified, on the law, to the extent of reducing the sentence on the knife possession conviction from 1 year to 15 days, and otherwise affirmed.

Defendant's suppression motion was properly denied. An informant who had provided reliable information in the past provided the police with information, based on personal experience, about defendant's method of selling drugs by responding to telephone calls from the street to his apartment, as well as other information based upon the informant's personal knowledge about defendant's violent background. The informant was instructed to set up a drug purchase, and when the informant phoned defendant in the presence of the police, asked for "two", and told defendant to come downstairs, the police could reasonably infer, in the context of the circumstances, that when defendant hurriedly emerged, inadequately dressed for the cold weather, he was about to fill an order for drugs. These circumstances, taken together, gave the police probable cause for an arrest (see, Brinegar v United States, 338 US 160, 175-176), or, at the very least, reasonable suspicion justifying their stop and frisk of defendant, which produced drugs and a knife.

We perceive no abuse of sentencing discretion. However, as the People correctly concede, the maximum permissible sentence for the Administrative Code violation was 15 days and we modify accordingly. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.